UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW J. MAXWELL, chapter 7 trustee for the bankruptcy estates of MARCHFIRST, INC. </br></br>            Plaintiff, </br>v. </br></br>KPMG LLP, </br></br>            Defendants. | Case No. 03 C 3524 </br></br>Judge Joan B. Gottschall |

## MEMORANDUM OPINION & ORDER

Defendant KPMG LLP moves for its costs after having prevailed against Plaintiff Andrew J. Maxwell, trustee of the bankrupt estate of MarchFirst, Inc. KPMG is entitled to its costs as the prevailing party and asks the court to tax $67,048.08 to Maxwell as trustee under Rule 54(d) of the Federal Rules of Civil Procedure. There is a strong presumption that the prevailing party should be allowed to recover these costs, as permitted by statute. *See* 28 U.S.C. § 1920; *Weeks v. Samsung Heavy Indus.*, 126 F.3d. 926, 945 (7th Cir. 1997). However, the power to award costs is within the discretion of the district court, which evaluates the bill "to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prods. Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Accordingly, the court must find that the items in KPMG's bill are taxable.

### I. Fees of the Clerk

A prevailing party may recover "fees of the clerk and marshal," pursuant to 28 U.S.C. § 1920(1). KPMG is seeking the $75.00 filing fee paid to the clerk. This item is taxable and unopposed. The court bills $75.00 to Maxwell.

## II. Fees for transcripts

The bulk of the expense in this bill, $49,995.94, reflects the cost of court reporters for deposition and transcripts, which are recoverable under 28 U.S.C. § 1920(2), but subject to the restrictions in Local Rule 54.1(b):

> If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of the court.

L.R. 54.1(b). In its bill of costs KPMG has made no effort to properly limit the cost of the transcripts and depositions as required by the local rule. The relevant depositions and transcripts were taken between April 4, 2004 and March 15, 2007 when the effective rates were $3.30 per page for an original and $0.83 per page for a copy. Maxwell objects and attaches the proper rates and the applicable rule along with a scheduled of the rates applied to defendant's costs. See Pl.'s Obj. to Def.'s Bill of Costs, Ex. A, B. Maxwell calculates the recoverable costs of transcripts to be $20,367.72.

Maxwell's calculations, though, do not conform with Local Rule 54.1 because Maxwell adds the court reporter's appearance fee, which far exceeds the allowable cost per page for a number of the depositions. Neither § 1920(2) nor Local Rule 54.1 provides for extra costs related to depositions. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) (holding that § 1920 exhausts the definition of costs such that unenumerated expenses are not taxable under the statue).

The Judicial Administration and Technical Amendments Act of 2008 amended § 1920 to permit recovery of costs for electronically recorded transcripts. The electronic transcripts in this case, however, were extra copies. Extra copies of material counsel already possesses are not

"necessarily obtained for use in this case." 28 U.S.C. § 1920(2*)*; *see EEOC v. Yellow Freight Sys.*, 98 C 2725, 1999 WL 965854 at *3 (N.D. Ill. Oct. 14, 1999) (delivery of an electronic copy with a paper copy constitutes a non-taxable extra copy). This does not prevent a party from obtaining an electronic transcript first and then publishing it in any format it finds convenient. However, reproducing a document in the party's possession would be billed correctly under § 1920(4): "fees for exemplification and the costs of making copies." Since KPMG has not shown why extra copies were necessary to its case, no extra copy will be billed to Maxwell.

The deposition invoices also included copy fees for adding exhibits to the record. These are taxable since their duplication in the record is necessary. The court accepts Maxwell's proposed rate of $0.13 per page as reasonable.

Maxwell's calculations for the taxable cost of the depositions are adopted, less the appearance fees, discussed *supra*, which exceed the maximum recoverable amount, but allowing for one DVD copy of Kurt Gabouer's deposition.[1] Maxwell is billed $16,805.09 for the costs of KPMG's transcripts and depositions.[2]

### III. Fees for the Witnesses

Witness fees are recoverable pursuant to § 1920(3). KPMG seeks $581.36 in witness fees, which appears reasonable and complies with the statutory requirements for witness reimbursement. *See* 28 U.S.C. § 1821(b) and (c). Maxwell is therefore billed $581.36. KPMG also seeks recovery of certain witness travel costs, which it categorizes as "other costs" but are governed by the same statutes. Witness travel costs are recoverable pursuant to § 1821 and § 1920(3). Maxwell objects that documentation is insufficient and that some items sought are

---

[1] Three DVD's of Kurt Gabouer's deposition is clearly excessive. However, a single video copy of a deposition for which a transcribed copy was also required is not duplicative since the video cannot be recreated from the transcript.
[2] $3,627.63 of $20,367.72 in Maxwell's transcripts total are attendance fees. $16,740.09 remains after subtracting those fees, to which the court adds $65.00 for the DVD.

impermissible. Regarding documents related to Wade Pierce, the court agrees that the almost wholly illegible photocopies of receipts, where no totals or business names can be read, are not sufficient documentation. *Williams v. Thresholds, Inc.*, No. 02 C 9101, 2003 WL 22478784 at *3 (N.D. Ill Oct. 31, 2003) (citing *Vardon Golf. Co. v. Karsten Mfg. Corp.*, 99 C 2785, 2003 WL 1720066 at *6 (N.D. Ill March 31, 2003) (documentation is necessary to recover witness travel expenses)). Moreover, Wade Pierce's documentation mentions only deposition preparation, which is not a taxable cost under § 1821(a)(1).

The expenses for Zoe Richings are $90.00 for babysitting and $40.00 for taxi fares. There is no provision in § 1821 for expenses other than those for witness travel, attendance and subsistence. Costs incidental to being away from home are not enumerated as taxable items. Taxi fare is recoverable and documented; Maxwell is therefore taxed $40.00

KPMG claims $803.34 for the reimbursement of Bert Young. KPMG has included a letter from Young which refers to documentation. The documentation is not actually attached, so KPMG has failed to document the expenses of Bert Young and they cannot be taxed.

$40.00 in witness travel expenses are therefore taxed to Maxwell.

**IV. Fees for Photocopies**

KPMG's copying charges are difficult to scrutinize because of the large volume of documents that were copied. KPMG's is seeking costs for 95,476 pages of documents at an average price of $0.16 per page, totaling $15,394.44. "The party seeking such costs must provide the court with a breakdown of the copying." *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 98 C 2723, 1998 WL 102668 at *1 (N.D. Ill. March 3, 1998) (quoting *Levka v. City of Chi.*, 107 F.R.D. 230, 231 (N.D. Ill. 1985)). Generally costs for "two copies of every document filed with

the court or provided to opposing counsel" are allowed. *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000).

Maxwell is correct that it is not possible to verify that KPMG's charges contain only taxable materials, or that they have limited themselves to claiming only two copies of each document. However, the Seventh Circuit has held that prevailing parties are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs;" rather a party must "provide the best breakdown possible from obtainable records." *Northbrook Excess & Surp. Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). KPMG has met this standard by providing invoices and payment records as wells as the bates numbers of discovery documents copied. Given KPMG's very substantial documentation of its photocopying expenses, and Maxwell's failure to show why such expenses should not be allowed, $15,394.44 is taxed to Maxwell.

## V. CONCLUSION

For the reasons stated above, KPMG's motion for a bill of costs is granted in part and denied in part. The court orders Maxwell, as trustee, to pay $32,895.89 to KPMG for costs.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: October 23, 2009